UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| JAIRO ALZATE ALDRES MILAN | :   Case No. 20-cr-014-CKK |
| Defendant. | : |
| | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.   Summary of the Plea Agreement

The defendant agrees to plead guilty to Count One of the Information charging one count of Manufacture or Distribution of a Controlled Substance for Purpose of Unlawful Importation, in violation of Title 21, United States Code, Sections 959(a)(1) and 960(b)(2)(B)(ii).

II.   Elements of the Offense

The essential elements of the offense of Manufacture or Distribution of a Controlled Substance for Purpose of Unlawful Importation, in violation of 21 U.S.C. §§ 959(a)(1) and 960(b)(2)(B)(ii), each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant distributed cocaine outside of the United States;

2. That the defendant either intended that the cocaine be unlawfully brought into the United States, or knew that the cocaine would be unlawfully brought into the United States; and

3. That the distribution involved 500 grams or more of a substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts or isomers.

III.   Penalties for the Offense

The penalty for Manufacture or Distribution of a Controlled Substance for Purpose of Unlawful Importation, in violation of 21 U.S.C. §§ 959(a)(1) and 960(b)(2)(B)(ii), is as follows:

1. a term of imprisonment of not less than five (5) years and not more than forty (40) years;

2. a fine not to exceed $5,000,000;

3. a term of supervised release of at least four (4) years and not more than five (5) years; and

4. a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.   Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1.   On January 29, 2019, Jairo Aldres Alzate Milan, the defendant, met with an individual to build a drug trafficking relationship. The interaction was video/audio recorded. The defendant discussed specifics with this individual who asked, "you know that cargo is going to the United States. All of it, yes?" The defendant confirms, "Yes." The two also confirm a price given the added cost with transporting the "cargo" to the United States.

2.   On February 2, 2019, the defendant met again with the same individual. This interaction was additionally video/audio recorded. Further details about logistics are discussed. The eventual transportation costs are discussed including details of cargo planes being used for the transportation. The individual explained that a plane in Santa Marta, Colombia, would be used to transport the substances first to Guatemala and then on to the United States. The individual further explained that he would need the details of the weight beforehand to ensure custom manifest forms would match.

3. On March 5, 2019, the defendant met with the same individual. This time the two met in Cali, Colombia, and the interaction was again video/audio recorded. The defendant told the individual that he "had the 10" (referencing 10 kilograms of cocaine). The defendant confirmed he understood "this one [the 10 kilos] is going to New York."

4. Within a bag, the defendant provided ten blocks of approximately 1kg bricks of cocaine. The total amount of cocaine was 9.85 kgs. In exchange, the defendant received 45 million Colombian Pesos, which was approximately $13,000 U.S. Dollars.

5. The Drug Enforcement Administration Mid-Atlantic Laboratory tested 9 of the 10 units and confirmed in all 9 units the presence of Cocaine.

6. The defendant admits that he was responsible for distributing 9.85 kgs of cocaine and intended that amount to be imported into the United States.

7. The defendant further agrees that he personally has read, or had read to him, the indictment in this case, including the allegations and charges in the indictment. The Defendant admits that he does not have any information to dispute or disprove those allegations set forth in the indictment in any way.

8. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted

Edward R. Martin, Jr.
United States Attorney
D.C. Bar No. 481866

By: *David Henek*

DAVID T. HENEK
Assistant United States Attorney
N.Y. Bar No. 5109111
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7825
david.t.henek@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Count One of the Information, charging one count of Manufacture or Distribution of a Controlled Substance (500 grams or more of cocaine) for Purpose of Unlawful Importation, in violation of 21 U.S.C. §§ 959(a)(1) and 960(b)(2)(B)(ii). I have discussed this proffer fully with my attorney, Eugene Ohm. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 30 April 2025

_____
Jairo Aldres Alzate Milan
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to Manufacture or Distribution of a Controlled Substance (500 grams or more of cocaine) for Purpose of Unlawful Importation, in violation of 21 U.S.C. §§ 959(a)(1) and 960(b)(2)(B)(ii). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 30 April 2025

_____
Eugene Ohm
Attorney for Defendant

5